# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRENDA FLEMING, ) | |
| ) | |
| Plaintiff, ) | No. 10 C 3043 |
| ) | |
| v. ) | Magistrate Judge Cox |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Brenda Fleming, seeks recovery of her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[2] The Commissioner of the Social Security Administration ("Commissioner") opposes plaintiff's motion. For the reasons set forth below, the Court grants the motion and awards attorney's fees totaling $4,916.43.

The Court discussed the facts of this case in detail in our May 10, 2011 Opinion and Order,[3] so we will only briefly restate them here. On September 8, 2006, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[4] She claimed disability on the basis of seizure disorder, anemia, obesity, and high blood pressure. Ultimately, Administrative Law Judge ("ALJ") Bonny S. Barezky denied plaintiff's claim for DIB in a written decision dated June 16, 2009. Plaintiff appealed that decision to this Court and, on May 10, 2011, the Court granted summary judgment in favor of the plaintiff and remanded the case to the

---

[1] On July 22, 2010, by the consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (dkts. 11, 13).
[2] 28 U.S.C. § 2412(d).
[3] *See Fleming v. Astrue*, 10 C 3043, 2011 WL 1793260, at *1-6 (N.D. Ill, May 10, 2011); dkt. 26.
[4] R. at 114–116.

Commissioner. After the remand, on July 20, 2011, plaintiff timely filed a motion for an award of attorney's fees [dkt 28].

In her motion for summary judgment, plaintiff presented four arguments. We agreed with two of those arguments. First, we found that the ALJ failed to explain how Fleming's obesity factored into her overall decision.[5] While the ALJ observed that Fleming's obesity was a "severe impairment," she noted that "there is no objective medical evidence demonstrating that [Fleming's] obesity in combination with [her] cardiovascular impairment meets any listing under 4.01."[6] Social Security Ruling ("SSR") 02-1p defines obesity as a "medically determinable impairment," and requires adjudicators to consider its effects when evaluating a claimant's disability.[7] Because the ALJ listed Fleming's obesity as one of her severe impairments, she had a duty to consider "the aggregate effect" of Fleming's obesity and the entire constellation of ailments, including those that in isolation may not be severe.[8] In examining the ALJ's opinion, we noted a discrepancy between Fleming's height and body mass index ("BMI") as calculated by Fleming and the ALJ. We concluded that determining Fleming's exact BMI would be necessary for an assessment of Fleming's obesity and, consequently, a correct disability determination.

Second, we found that the ALJ failed to analyze the specific duties of Fleming's past relevant work.[9] When the transferability of work skills is material to the outcome of a decision, the ALJ is required to "make certain findings of fact and include them in the written decision."[10] Here, the ALJ

---

[5] *See Fleming*, 2011 WL 1793260, at *167; dkt. 26.
[6] *See Id.* at *143; dkt. 26., *citing* R. at 44.
[7] *See* SSR 02-1p.
[8] *See Golembiewski,* 322 F.3d 912, 928 (7th Cir. 2002) (citing 20 C.F.R. § 404.1523); *see also Green v. Apfel,* 204 F.3d 780, 782 (7th Cir. 2000).
[9] *See Fleming*, 2011 WL 1793260, at *196-197; dkt. 26.
[10] *Abbott v. Astrue,* 2010 WL 3075267 (7th Cir. 2010) (unpublished); *see also* S.S.R. 82-41.

2

failed to "list the specific physical requirements of the previous job and assess, in light of the available evidence, the claimant's ability to perform these tasks," as required by the Seventh Circuit.[11] In reversing, we noted that the use of a vocational expert ("VE") on remand is discretionary and that, pending the determination of Fleming's obesity, the ALJ may consult a VE to determine if Fleming's obesity would have a significant impact on her capacity to work.

In sum, we remanded this case due to the ALJ's failure to address Fleming's obesity as an aggravating factor with her other impairments, as well as the ALJ's failure to properly investigate the specific requirements of Fleming's past relevant work.

The EAJA provides that a plaintiff may be awarded attorney's fees where: (1) "the plaintiff is the 'prevailing party;'" (2) the government's position was not "substantially justified;" (3) there were no "special circumstances" to make an award unjust; and (4) the fee application is submitted to the Court within 30 days of final judgment and is supported by an itemized statement.[12] Fleming was the prevailing party, no "special circumstances" are alleged, and the fee application was timely. Thus, the only disputed issue is whether the Commissioner's position was substantially justified.

For a position to be "substantially justified" it must be "justified to a degree that could satisfy a reasonable person."[13] Although the Court will look to both the government's pre-litigation conduct (such as the ALJ's decision) and litigation position, it will "make only one determination for the entire civil action."[14] The government's position does not necessarily have to be correct, but must have: "(1) a reasonable basis in truth for the fact's alleged; (2) a reasonable basis in law for the

---

[11] *Nolan v. Sullivan,* 939 F.2d 516, 518 (7th Cir. 1991).
[12] 28 U.S.C. § 2412(d)(1)(A)-(B); *U.S. v. Hallmark Const. Co.,* 200 F.3d 1076, 1078-79 (7th Cir. 2000).
[13] *Pierce v. Underwood,* 487 U.S. 552, 566 (1988).
[14] *Conrad v. Barnhart*, 434 F.3d 987, 900 (7th Cir. 2006).

3

theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded."[15] Thus, to meet its burden of proof, the Government must establish that its position had "a reasonable basis in law and fact."[16] When the Government's legal position offends the Commissioner's own rules or clearly established leal precedent, its position cannot be said to be "substantially justified."[17]

The Commissioner argues that the government had a reasonable basis for its position, and thus Fleming's application for attorney fees should be denied.[18] In particular, the Commissioner contends that the ALJ should not be faulted for any discrepancies in identifying Fleming's BMI, because the ALJ was entitled to rely on Fleming's self-reported height, and the ALJ applied the correct BMI calculation standard.[19] The Commissioner also argues that, while the ALJ "might not have extensively discussed [p]laintiff's obesity on her residual functional capacity [("RFC") determination]," the ALJ accorded great weight to a state agency reviewing physician who had documented Fleming's obesity and nonetheless concluded that Fleming could perform light work.[20] Notably absent from the Commissioner's opposition brief is any mention of SSR 02-1p, or the rule's mandate that the ALJ consider Fleming's obesity in the context of Fleming's other limitations.

A loss on the merits does not necessarily equate a lack of substantial justification,[21] nor does being incorrect on a single point.[22] However, the law remains clear that, where a government's

---

[15] *United States v. Hallmark Const. Co.,* 200 F.3d 1076, 1080 (7th Cir. 2000).
[16] *Cummings v. Sullivan,* 950 F.2d 492, 495 (7th Cir. 1991).
[17] *See Golembiewski v. Barnhart*, 382 F.3d 721, 724-725 (7th Cir. 2004); *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985).
[18] Dkt. 32 at 4.
[19] *Id.* at 5.
[20] *Id.*
[21] *See* Pierce, 487 U.S. at 569.
[22] Defendant's Response Brief, Page 3.

litigation position offends the Commissioner's own rules or established legal precedent, the Commissioner's litigation position lacks substantial justification.[23] Here, the ALJ's failure to properly assess and consider Fleming's obesity violated SSR 02-1p, the Commissioner's own rule, and ran contrary to established legal precedent.[24] The Commissioner's post-hoc rationalization of the ALJ's obesity findings (or lack thereof) cannot change this fact, as the Court must confine its review to the reasons articulated by the ALJ.[25] Because the ALJ did not explain how she factored Fleming's obesity into her total analysis, the Commissioner's reasoning is not supported.

Further, the ALJ's failure to assess whether Fleming possessed the RFC to perform the demands of her past relevant work also ran contrary to the Commissioner's rules and long-standing Seventh Circuit precedent requiring such analysis.[26] The Commissioner now argues that the ALJ's failure to analyze Fleming's past work was harmless because Fleming's inability to perform past work would not have rendered her disabled.[27] While acknowledging that "the ALJ's analysis of [Fleming's] past work was not supported by substantial evidence," the Commissioner argues that "it was not so deficient as to warrant an award of EAJA fees."[28] The Court does not consider the Commissioner's pre-litigation errors in isolation, but instead evaluates the Commissioner's litigation

---

[23] *See, e.g., Golembiewski*, 382 F.3d at 724 (reversing denial of EAJA fee petition where the ALJ violated "long judicial precedent" and the Commissioner's own rules); *Washington v. Astrue*, 2011 WL 862264, *3 (N.D. Ill. 2011) (Commissioner's litigation position was not substantially justified because ALJ's RFC assessment conflicted with SSR 96-8p); *Morton* v. *Barnhart*, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005) (Commissioner's position was not substantially justified because ALJ did not comply with SSR-004p).
[24] *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (SSR 02-1p requires an ALJ to address the effect of obesity on a claimant's limitations).
[25] *Spivia v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010).
[26] *See, e.g., Strittmatter v. Schweiker*, 729 F.2d 507, 509 (7th Cir. 1984) ("the administrative law judge obviously must ascertain the demands of [claimant's past relevant] work in relation to the claimant's present physical capacities"); *Smith v. Barnhart*, 388 F.3d 251, 252 (7th Cir. 2004); *see also* SSR 82-61.
[27] Dkt. 32 at 5.
[28] *Id.* at 6.

position as a whole.[29] Where, as here, the Commissioner advocates a pre-litigation position which offends its own rules and established legal precedent – in not one, but two instances – the Court has good cause for concluding that the Commissioner's litigation position was not substantially justified. Consequently, an award of EAJA fees is appropriate in this case.

Initially, Fleming sought attorney's fees in the amount of $4,513.93. In her reply brief, Fleming added $402.50 for litigating this motion, for a total of $4,916.43. The Commissioner did not object to the reasonableness of the initial fees sought, and we find that Fleming's itemization for costs associated with preparing this motion are reasonable.

The Commissioner, however, objects to the award of fees directly to Fleming's counsel.[30] The Commissioner argues that an EAJA award to Fleming's attorney is prohibited by the Supreme Court's decision in *Astrue v. Ratcliff*.[31] However, in *Matthews-Sheets v. Astrue*, the Seventh Circuit recently distinguished *Ratcliff*'s application in circumstances where the litigant enters into a pre-litigation assignment of fees to the litigant's attorney.[32] In such cases, "the only ground for the district court's insisting on making the award to the [litigant] is that the [litigant] has debts that may be prior to what [the litigant] owes [their] lawyer."[33] Here, Fleming has assigned her EAJA fees[34] and there is no suggestion that Fleming possesses any pre-litigation debts whose collection would be unfairly circumvented by an award to her attorney. As such, the Court has no quarrel with

---

[29] *See Conrad*, 434 F.3d at 900.
[30] Dkt. 32 at 7.
[31] 130 S. Ct. 2521 (2010) (holding that an EAJA award is payable to the litigant and subject to offset to satisfy a pre-existing debt that the litigant owes the United States); dkt. 32 at 7.
[32] *See Matthews-Sheets v. Astrue*,--- F.3d ----, 2011 WL 3437029, *5 (7th Cir. 2011).
[33] *Id.*
[34] *See* dkt. 28, Exh. 2.

6

Fleming's assignment of fees to her attorney.[35]

Therefore, the Court grants Fleming's Motion for Attorney's Fees [dkt. 28] in the full amount of $4,916.43.

**IT IS SO ORDERED**

**ENTERED: September 27, 2011**

                                                  **SUSAN E. COX**

                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[35] *See Matthews-Sheets*,--- F.3d ----, 2011 WL 3437029, at *5 (citing *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.*, 89 F.3d 574, 579 (9th Cir. 1996) (where plaintiff has no prior debts, ignoring the fee assignment would only "create a potential collection problem for the lawyer").